**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MULTI-COLOR CORPORATION,** | ) | |
| | ) | **CASE NO: 1:10-cv-280** |
| **Plaintiff and Counterclaim Defendant,** | ) | |
| | ) | **Judge Susan J. Dlott** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GRAPHIC PACKAGING INTERNATIONAL, INC.,** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendant and Counterclaimant.** | ) | |

**ANSWER AND COUNTERCLAIM OF**
**GRAPHIC PACKAGING INTERNATIONAL, INC.**

Defendant, Graphic Packaging International, Inc. ("GPI"), hereby answers the Complaint filed by Plaintiff, Multi-Color Corporation ("MULTI-COLOR"), as follows:

## ANSWER

GPI answers the allegations set forth in specifically-enumerated paragraphs of the Complaint as follows:

1. Answering the allegations set forth in Paragraph 1 of the Complaint, GPI admits that MULTI-COLOR purports to bring this action under the patent laws of the United States for infringement of U.S. Patent No. 7,622,171 (hereinafter, the "'171 Patent").

2. GPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies same.

3. Answering the allegations set forth in Paragraph 3 of the Complaint, GPI does not contest this Court's exercise of personal jurisdiction over it in connection with this action.

4. Answering the allegations set forth in Paragraph 4 of the Complaint, GPI admits that this Court has subject matter jurisdiction over this action.

5. Answering the allegations set forth in Paragraph 5 of the Complaint, GPI admits that venue is proper in this judicial district.

6. Answering the allegations set forth in Paragraph 6 of the Complaint, GPI admits that Multi-Color manufactures labels for a variety of consumer products and, upon information and belief, sells them in the United States and internationally. GPI denies that Multi-Color "specializes in the most technically demanding and complex applications for labels for consumer products." GPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of the Complaint, and therefore denies same.

7. Answering the allegations set forth in Paragraph 7 of the Complaint, GPI admits that the '171 Patent was issued on November 24, 2009 and that a copy is attached to the Complaint as Exhibit 1, but denies that it was "legally issued." GPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies same.

8. GPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 8 of the Complaint, and therefore denies same.

9. Answering the allegations of Paragraph 9 of the Complaint, GPI admits that it manufactures and/or offers for sale heat transfer labels, including labels for Tidy Cat products, but expressly denies that any such labels infringe the '171 Patent.

10. GPI incorporates by reference, as if fully set forth here, each and every response made above to the foregoing numbered paragraphs of the Complaint.

11. GPI denies the allegations set forth in Paragraph 11 of the Complaint.

12. GPI denies the allegations set forth in Paragraph 12 of the Complaint.

13. GPI denies the allegations set forth in Paragraph 13 of the Complaint.

14. GPI denies any and all allegations of the Complaint, including those, if any, set forth in the Prayer for Relief, which have not been expressly admitted above, and GPI denies that MULTI-COLOR is entitled to any relief whatsoever.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

GPI has not directly or indirectly infringed, induced infringement, or contributorily infringed any valid, properly construed, and enforceable claim of the '171 Patent, nor is GPI currently doing so, willfully or otherwise.

**Third Affirmative Defense**

The Complaint is barred because the claims of '171 Patent are invalid for failure to satisfy the requirements of the United States patent laws, including 35 U.S.C. §102, §103 and/or §112, and the rules, regulations and laws pertaining to those provisions. The '171 Patent is invalid in light of numerous prior art references, including but not limited to the following: U.S Patent Nos. 4,557,964 (to Magnotta); 4,935,300 (to Parker et al.); 5,128,397 (to Horsey et al.); 5,759,327 (to Chang); 5,908,694 (to Makar et al.); DuPont Elvax Grade Selection Guide for Adhesives, Sealants and Wax Blends (2005); and DuPont Industrial Polymers: Elvax and Wax – A Good Fit (2005).

## Fourth Affirmative Defense

To the extent MULTI-COLOR seeks damages for alleged infringement prior to its giving actual or constructive notice of the '171 Patent, the relief sought by MULTI-COLOR is barred by U.S.C. §287.

## Fifth Affirmative Defense

Upon information and belief, MULTI-COLOR has suffered no damages due to the actions of GPI alleged in its Complaint.

WHEREFORE, GPI prays that it be dismissed and discharged without any liability whatsoever, that costs be cast against MULTI-COLOR, that GPI be awarded its reasonable attorneys fees and expenses of litigation pursuant to 35 U.S.C. §285 because this is an exceptional case, and that judgment be entered in GPI's favor on MULTI-COLOR's Complaint and on GPI's Counterclaim.

## COUNTERCLAIM

Counterclaimant, GPI, hereby files its Counterclaim against MULTI-COLOR as follows:

1. This Counterclaim is an action for a declaratory judgment arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. and 28 U.S.C. §2201.

2. MULTI-COLOR has alleged that it is an Ohio corporation with its principal place of business located at 4053 Clough Woods Drive, Batavia, Ohio 45103.

3. GPI is a Delaware corporation with its principal place of business located at 814 Livingston Court, Marietta, Georgia 30067.

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over MULTI-COLOR.

6. Venue is proper with respect to GPI's Counterclaim.

7. There is an actual controversy between GPI and MULTI-COLOR regarding the non-infringement and the invalidity of U.S. Patent No. 7,622,171 (the "'171 Patent"). A true and correct copy of the '171 Patent is attached to this Counterclaim as Exhibit 1.

8. GPI is entitled to a declaration of its rights and the legal relations between the parties pursuant to 28 U.S.C. § 2201.

**Count I (Declaration of Non-Infringement)**

9. GPI incorporates by reference, as if set forth fully herein, Paragraphs 1 through 8 of the Counterclaim above.

10. Each of GPI's accused products fails to include one or more limitations of each claim of the '171 Patent.

11. GPI has not directly or indirectly infringed, induced infringement, or contributorily infringed any valid, properly construed and enforceable claim of the '171 Patent, nor is GPI currently doing so, willfully or otherwise.

12. GPI is entitled to a declaration by the Court that GPI has not directly, indirectly, or contributorily infringed any claim of the '171 Patent and has not induced any third parties to infringe the '171 Patent.

13. GPI is entitled to an award of its reasonable attorneys fees and expenses of litigation pursuant to 35 U.S.C. § 285, because this is an exceptional case.

**Count II (Declaration of Patent Invalidity)**

14. GPI incorporates by reference, as if set forth fully herein, Paragraphs 1 through 8 of the Counterclaim above.

15. The claims of '171 Patent are invalid for failure to satisfy the requirements of the United States patent laws, including 35 U.S.C. §102, §103 and/or §112, and the rules, regulations and laws pertaining to those provisions. The '171 Patent is invalid in light of prior art references including, but not limited to the following: U.S Patent Nos. 4,557,964 (to Magnotta); 4,935,300 (to Parker et al.); 5,128,397 (to Horsey et al.); 5,759,327 (to Chang); 5,908,694 (to Makar et al.); DuPont Elvax Grade Selection Guide for Adhesives, Sealants and Wax Blends (2005); and DuPont Industrial Polymers: Elvax and Wax – A Good Fit (2005).

16. GPI is entitled to a declaration by the Court that the claims of the '171 Patent are invalid.

17. GPI is entitled to an award of its reasonable attorneys fees and expenses of litigation pursuant to 35 U.S.C. § 285, because this is an exceptional case.

WHEREFORE, GPI respectfully requests the Court to enter a judgment in favor of GPI and against MULTI-COLOR on GPI's Counterclaim:

a. Declaring that GPI has not directly, indirectly, or contributorily infringed the '171 Patent and has not induced any third parties to infringe the '171 Patent;

b. Declaring that the claims of the '171 Patent are invalid;

c. Awarding GPI's reasonable attorneys' fees and expenses of litigation pursuant to 35 U.S.C. §285;

d. Casting costs against MULTI-COLOR;

e. Ordering that MULTI-COLOR take nothing and be granted no relief whatsoever from its Complaint for infringement of the '171 Patent and that GPI be dismissed and discharged without any liability whatsoever; and

f. Awarding such further relief as it deems just and proper.

Respectfully submitted,

s/ T. Earl LeVere
T. Earl LeVere (0063515)
elevere@szd.com
Schottenstein Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Telephone: 614-462-1095
Facsimile: 614-228-4847
Trial Attorney for Defendant and Counterclaimant
Graphic Packaging International, Inc.

OF COUNSEL:

William M. Ragland, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
271 17th Street, NW
Suite 2400
Atlanta, Georgia 30363-1017
Telephone: (404) 872-7000
Facsimile: (404) 888-7490
Email: wragland@wcsr.com

## JURY DEMAND

Defendant and Counterclaimant Graphic Packaging International, Inc. hereby demands a trial by jury on all issues so triable.

s/ T. Earl LeVere
T. Earl LeVere

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2010, the foregoing Answer and Counterclaim of Graphic Packaging International, Inc. was filed electronically by Defendant with the Clerk of the Court. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ T. Earl LeVere
T. Earl LeVere