IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MULTI-COLOR CORPORATION ) | |
| ) | Case No. 1:10-cv-280 |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | District Judge Susan J. Dlott |
| vs. ) | |
| ) | **JOINT DISCOVERY PLAN** |
| GRAPHIC PACKAGING INTERNATIONAL, ) | |
| INC. ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on January 7, 2011.

**1.    MAGISTRATE JUDGE CONSENT**

The Parties:

\_\_\_   Unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

X      Do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

\_\_\_   Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**2.    RULE 26(a) DISCLOSURES**

There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by February 9, 2011.

3. **DISCOVERY ISSUES AND DATES**

    A.    Discovery will need to be conducted on the following issues:

        1.    Plaintiff:  The products accused of infringement; infringement by Defendant; Defendant's sales and profits; willful infringement; aspects of a permanent injunction; Defendant's affirmative defenses and counterclaims.

        2.    Defendant:  The Plaintiff's allegations of infringement and willful infringement; the Plaintiff's patent, the history and development of the technology disclosed therein, and the prosecution history; the alleged invalidity of the patent, including, but not limited to, prior art that is relevant to the '171 patent, and the disclosure by Plaintiff and its agents to the Patent and Trademark Office; issues related Plaintiff's commercial use of the disclosed invention, its commercial embodiments thereof, its alleged damages, its right to obtain injunctive relief of any kind; and other issues that arise during discovery.

    B.    Disclosure or discovery of electronically stored information should be handled as follows:

        The Parties will submit a separate joint Electronic Discovery Plan to the Court for consideration by February 25, 2011.  While a joint Electronic Discovery Plan is being considered, the Parties' discovery obligations with respect to other information shall not be delayed as a result of such consideration.

    C.    The parties recommend that discovery

        need not be bifurcated

        X    Defendant requests that this case be bifurcated between liability and damages; Plaintiff opposes this request

        X    should be bifurcated between factual and expert

        should be limited in some fashion or focused upon particular issues which are related to_____

    D.    Plaintiff's S.D. Ohio Pat. R. 103.1(b)1
        Disclosures                                            March 2, 2011

---

[1] Hereafter, references to the S.D. Ohio Local Patent Rules are denominated as "R. ____."

| | | |
|---|---|---|
| E. | Plaintiff's Infringement Contentions (R. 103.2) | March 18, 2011 |
| F. | Defendant's Non-Infringement Discovery (R. 103.3) | April 20, 2011 |
| G. | Defendant's Invalidity Contentions and Production (R. 103.4-103.5) | May 5, 2011 |
| H. | Parties Exchange Limitations controlled by 35 U.S.C. § 112, ¶6 and Claim Terms for Court Construction (R. 105.1) | May 23, 2011 |
| I. | Counsel Meeting to Discuss ADR (R. 104.1) | By June 7, 2011 |
| J. | Proposed Claim and §112, ¶6 Constructions by Party Asserting Need for Construction (R. 105.2(a)) | June 16, 2011 |
| K. | Response to Proposed §112, ¶6 and Claim Constructions (R. 105.2(b)) | July 5, 2011 |
| L. | Parties to Meet and Confer Regarding Claim Construction (R. 105.2(c)) | By July 25, 2011 |
| M. | Joint Claim Construction and Prehearing Statement (R. 105.2(d) and Rules Appx. B) | August 15, 2011 |
| N. | Completion of Claim Construction Discovery (R. 105.3) | October 17, 2011 |
| O. | Opening Claim Construction Briefs (R. 105.4(a)) | November 1, 2011 |
| P. | Response to Opening Claim Construction Briefs (R. 105.4(b)) | December 5, 2011 |
| Q. | Close of fact discovery: | 30 days after Court's ruling on claim construction |
| R. | Primary expert disclosures:[2] | 45 days after close of fact discovery |
| S. | Responsive expert disclosures: | 45 days after primary expert disclosure date |

---

[2] "Primary expert disclosures" are disclosures on issues for which the offering party bears the burden of proof.

{H2117121.5}  3

| | | |
|---|---|---|
| T. | Rebuttal expert disclosures: | <u>30 days after responsive expert disclosure date</u> |
| U. | Expert discovery cutoff: | <u>74 days after rebuttal expert disclosure date</u> |
| V. | Anticipated discovery problems: | <u>None at this time</u> |

**4. LIMITATIONS ON DISCOVERY**

    A. Changes in the limitations on discovery

        X    <u>Extension of time limitations (currently one day of seven hours) in taking of depositions to allow one day of seven hours for each *individual* designated in response to a Rule 30(b)(6) notice of deposition. Regardless of the number of individuals designated by the party responding to a Rule 30(b)(6) notice of deposition, each such notice shall constitute a single deposition for purposes of the limit on the number of depositions set forth below. No party shall be subjected to more than one Rule 30(b)(6) deposition without consent of the opposing party or leave of Court.                </u>.

        X    <u>Extension of number of depositions (currently ten) permitted to twelve, including expert witnesses                                         </u>.

             Extension of number of interrogatories (currently 25) to _____.

             Other: _____.

             None

    B. Protective Order

             A protective order will likely be submitted to the Court on or before <u>February 25, 2011</u>.

{H2117121.5}                                                           4

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

>The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to add additional claims.  Defendant proposes a deadline of March 16, 2011  Plaintiff proposes a deadline of April 15, 2011, with the ability to amend for good cause shown after this deadline.

Dated:  January 27, 2011

Respectfully submitted,

| | |
|---|---|
| *s/Brett A. Schatz* | *s/T. Earl LeVere* |
| Brett A. Schatz (0072038) | T. Earl LeVere (0063515) |
| bschatz@whepatent.com | elevere@szd.com |
| Trial Attorney | Trial Attorney |
| WOOD, HERRON & EVANS, L.L.P. | Schottenstein Zox & Dunn Co., LPA |
| 441 Vine Street, 2700 Carew Tower | 250 West Street |
| Cincinnati, Ohio 45202-2917 | Columbus, Ohio 43215 |
| (513) 241-2324 | (614) 462-1095 |
| (513) 241-6234 (Facsimile) | (614) 228-4847 (Facsimile) |
| Attorneys for Plaintiff and Counterclaim Defendant Multi-Color Corporation | William M. Ragland, Jr. |
| | wragland@wcsr.com |
| | Womble Carlyle Sandridge & Rice, PLLC |
| | Atlantic Station |
| | 271 17th Street, NW, Suite 2400 |
| | Atlanta, GA  30363-1017 |
| | (404) 872-7000 |
| | (404) 888-7490 (Facsimile) |
| | Attorneys for Defendant and Counterclaimant Graphic Packaging International, Inc. |