IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Multi-Color Corporation, | : | |
| | : | |
| Plaintiff(s), | : | |
| | : | Case Number: 1:10cv280 |
| vs. | : | |
| | : | Chief Judge Susan J. Dlott |
| Graphic Packaging International, Inc., | : | |
| | : | |
| Defendant(s). | : | |

ORDER

This case came on for a preliminary pretrial conference pursuant to Fed. R. Civ. P. 16 at 10:30 a.m. on March 18, 2011. All parties of record participated by their trial attorneys of record, Brett Schatz and Paul Linden on behalf of the plaintiff and William Ragland and Earl LeVere on behalf of the defendant. Based upon such conference, the Court hereby sets the following schedule:

1. Deadline for joining other parties and amendment of the pleadings shall be April 15, 2011, with the ability to amend for good cause shown after this deadline.

2. The parties to file and serve the following disclosures:

    A.  Plaintiff's S.D. Ohio Pat. R. 103.1(b)[1]
        Disclosures                                                    March 2, 2011

    B.  Patent Claims: Plaintiff shall serve its Disclosure of Asserted
        Claims and Infringement Contentions
        (R. 103.2)                                                     March 18, 2011

    C.  Defendant's Non-Infringement Discovery
        (R. 103.3)                                                     April 20, 2011

    D.  Invalidity Contentions: Defendant shall serve its Invalidity
        Contentions and related production prescribed by R. 103.4-103.5.

---

[1] Hereafter, references to the S.D. Ohio Local Patent Rules are denominated as "R. ____."

{H2223039.2 }

        Defendant may limit its disclosure to those claims identified by plaintiff in response to Paragraph B hereof.    May 5, 2011

3.    Resolution of Claim Construction Issues. In light of the decision in *Markman v Westview Instruments, Inc.*, 116 S.Ct. 1384 (1996), and Chapter 5 of this Court's Local Patent Rules, the Court establishes the following procedures for resolution of the claim construction issues in this case:

| | | |
|---|---|---|
| A. | Parties Exchange Limitations controlled by 35 U.S.C. § 112, ¶6 and Claim Terms for Court Construction (R. 105.1) | May 23, 2011 |
| B. | Counsel Meeting to Discuss ADR (R. 104.1) | By June 7, 2011 |
| C. | Proposed Claim and §112, ¶6 Constructions by Party Asserting Need for Construction (R. 105.2(a)) | June 16, 2011 |
| D. | Response to Proposed §112, ¶6 and Claim Constructions (R. 105.2(b)) | July 5, 2011 |
| E. | Parties to Meet and Confer Regarding Claim Construction (R. 105.2(c)) | By July 25, 2011 |
| F. | Joint Claim Construction and Prehearing Statement (R. 105.2(d) and Rules Appx. B) | August 15, 2011 |
| G. | Completion of Claim Construction Discovery (R. 105.3) | October 17, 2011 |
| H. | Opening Claim Construction Briefs (R. 105.4(a)) | November 1, 2011 |
| I. | Response to Opening Claim Construction Briefs (R. 105.4(b)) | December 5, 2011 |
| J. | A *Markman* hearing will be conducted at 10:00 a.m. on | January 26, 2012 |

To the extent not already required by the S.D. Ohio Local Patent Rules, and in addition to the requirements set forth therein, each *Markman* brief, which shall not exceed twenty pages in length without prior leave of Court, shall address the following issues:

    The party's proposed construction for each disputed claim identified in the comprehensive statement, including an identification and definition of any terms of

{H2223039.2}    2

art, technical terms, and terms which the party contends are used contrary to their normal usage in everyday language;

In the case of any disputed claim that contains 'means plus function' language, an analysis in accordance with 35 U.S.C. § 112 (paragraph 6) of the structure described in the specification and the range of equivalents asserted by the plaintiff;

The party's definition of the person of ordinary skill in the relevant art for each patent-in-suit;

The party's evidence, authorities and arguments supporting its position on each disputed claim construction issue;

A statement whether the party contends that the disputed issue is susceptible to resolution by summary judgment without the taking of evidence; and

An identification and description of all extrinsic evidence, including expert witness testimony, if any, that the party proposed to offer at any hearing addressed to claim construction issued.

4. Fact Discovery Cutoff — 30 days after Court's ruling on claim construction

5. Dates to furnish copies of expert reports as required by Fed. R. Civ. P. 26(a)(2), and conduct expert discovery:

| | |
|---|---|
| Party with burden of proof (excluding damages): | 45 days after close of fact discovery |
| Responses (excluding damages): | 45 days after primary expert disclosure date |
| Reply expert disclosures (excluding damages): | 30 days after responsive expert disclosure date |
| Party with burden of proof (damages): | To be determined after liability is established |

|  |  |
|---|---|
| Responses (damages): | To be determined after liability is established |
| Reply expert disclosures (damages): | To be determined after liability is established |
| Expert discovery cutoff (excluding damages): | 74 days after rebuttal expert disclosure date |

6. Advice of Counsel: Pursuant to S.D. Ohio Pat. R. 107.2 and 107.3, discovery relating to willful infringement is automatically stayed until the patent holder has obtained a judgment of patent infringement. After the Court has filed a judgment of patent infringement, the Court will set a deadline by which defendant shall file and serve a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Such an election will waive attorney-client privilege otherwise applicable to the advice of counsel which the defendant will assert as a defense to the issue of willful infringement and will require prompt disclosure of all written opinions embodying such advice. The parties may thereafter pursue discovery relating to willful infringement.

7. 

|  |  |
|---|---|
| Last date to file dispositive motions not directed to the pleadings (*E.g.* summary judgment motions) | 30 days after expert discovery cutoff |
| Memoranda contra due | 24 days after dispositive motion |
| Reply memoranda due | 14 days after Memoranda contra |

8. Limitations On Discovery

   The Parties have agreed to the following changes in the limitations on discovery:

   A. Extension of time limitations (currently one day of seven hours) in taking of depositions to allow one day of seven hours for each *individual* designated in response to a Rule 30(b)(6) notice of deposition. Regardless of the number of individuals designated by the party responding to a Rule 30(b)(6) notice of deposition, each such notice shall constitute a single deposition for purposes of the limit on the number of depositions set forth below. No party shall be subjected to more than one Rule 30(b)(6) deposition (i.e., more than one notice for the Rule

>    30(b)(6) deposition of a party) without consent of the opposing party or leave of Court.
>
> B.   Extension of number of depositions (currently ten) permitted to twelve, including expert witnesses.

In accordance with S.D. Ohio Civ. R. 37.1, objections, motions, applications and requests related to discovery shall not be filed with the Court by any party, unless counsel has first exhausted, among themselves, all extrajudicial means of resolving their differences. After said means are exhausted, then in lieu of filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure, counsel must notify the Court seeking a conference.

All discovery shall be requested such that responses are due by the discovery cutoff date, while affording the responding party the time allowed by the Federal Rules of Civil Procedure. Parties who undertake to extend discovery by agreement beyond the cutoff date without Court approval do so at the risk the Court may not permit its completion prior to trial. Counsel shall keep the Court currently advised of the status of discovery in this case and promptly bring to the Court's attention any discovery disputes requiring court resolution.

This Court has an additional condition to S.D. Ohio Civ. R. 7.2(a)(3). Any brief and/or memoranda in support of or in opposition to any motion in this Court shall not exceed twenty pages without first obtaining leave of Court. A motion for leave must set forth the reasons excess pages are required and the number of pages sought. If leave of Court is granted, counsel must include: (1) a table of contents indicating the main sections of the memorandum, the arguments made in each section, and the pages on which each section and subsection may be found; and (2) a succinct, clear, and accurate summary not to exceed five pages of the principal arguments made and citations to the

primary authorities relied upon in the memorandum. All briefs and memoranda shall comply with the formal requirements of S.D. Ohio Civ. R. 7.2.

In an effort to encourage settlements, the Court may schedule a settlement conference at any time. Counsel also may request that a conference be scheduled at any time when it appears such a conference would be fruitful. Each counsel will be required to prepare and submit a letter no longer than five pages to the Court one week prior to the conference with a synopsis of the case and the status of any settlement negotiations to date. These letters are ex parte and should not be filed with the Clerk's Office nor exchanged with opposing counsel.

The attention of counsel is called to amendments to the Federal Rules of Civil Procedure which became effective December 1, 1993, particularly with respect to expert reports.

IT IS SO ORDERED.

                                            S/Susan J. Dlott_____
Susan J. Dlott
Chief Judge United States District Court